## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **LYNNZI ESQUILIN**, | : |
|     Plaintiff | : |
| | :    C.A. No.: |
| v. | : |
| | : |
| **ALDERSBRIDGE COMMUNITIES**, | : |
|     Defendant | : |

### COMPLAINT

### I. Introductory Statement

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful discrimination in employment the Plaintiff suffered in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, the Rhode Island Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, *et seq.*, the Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I.G.L. §42-112-1, *et seq.*, and the Rhode Island Whistleblowers' Protection Act ("RIWPA"), R.I.G.L. §28-50-1, *et seq.*

### II. Parties

1. The Plaintiff, Lynzzi Esquilin, is a resident of the Town of North Kingstown, County of Washington, State of Rhode Island.

2. Defendant, Aldersbridge Communities ("Aldersbridge"), is a is a domestic non-profit corporation duly organized pursuant to the laws of the State of Rhode Island with its principal place of business located at 40 Irving Avenue, East Providence, RI 02914.

### III. Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claims under Title VII pursuant to 42 U.S.C. §2000e-5(f)(3), the ADA pursuant to 42 U.S.C. §12117, the ADEA pursuant to 29 U.S.C. §626 and supplemental jurisdiction over the Plaintiff's claims under the FEPA, the RICRA, and the RIWPA pursuant to 28 U.S.C. §1367.

### IV. Venue

4. Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Exhaustion of Administrative Remedies

5. On or about August 26, 2022, the Plaintiff timely filed a charge of discrimination against the Defendant with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 23 EPD 131 and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No. 523-2022-03750.

6. Thereafter, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the EEOC issue a right to sue letter.

7. On or about February 16, 2023, the Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

8. On May 10, 2023, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

### VI. Material Facts

9. The Plaintiff is 56 years old.

10. In 2020, the Plaintiff's vision dissipated, and her optometrist prescribed bifocals.

11. On May 21, 2021, the Plaintiff was hired by Defendant Aldersbridge as a Bilingual

Speech Language Pathologist.

12. During all relevant time periods, the Plaintiff's work performance was satisfactory and met Defendant Aldersbridge's legitimate expectations.

13. During the Plaintiff's tenure, numerous employees allegedly had a sensitivity to light, so the overhead lights were always off in the rotunda and frequently off in the rehabilitation gym and therefore these rooms were illuminated by natural light.

14. Throughout the Plaintiff's employment, Kimberly Willet, an Occupational Therapist at Defendant Aldersbridge, made remarks referring to the Plaintiff's age, such as "I just told you this, you must have early onset dementia" and "you must have seasonal affective disorder. You could go tanning, but that would give you more wrinkles." Ms. Willet would also walk in front of the Plaintiff when welcoming vendors and state, "we have a very young rehab team."

15. On May 24, 2022, the Plaintiff texted her supervisor Karyssa Silva, the Rehabilitation Director and Occupational Therapist at Defendant Aldersbridge, reporting inappropriate conduct and discussions among the rehabilitation team. For example, staff referred to a patient whose last name is Watson, as "Twatson" and "Twats." Ms. Silva did not respond to the Plaintiff's complaint.

16. On May 25, 2022, the Plaintiff reported the unprofessional work environment to Richard Gamache, the Chief Executive Officer at Defendant Aldersbridge, via LinkedIn. In turn, he recommended that the Plaintiff contact Human Resources.

17. On May 26, 2022, the Plaintiff met with Karen Linhares, the Human Resources Director at Defendant Aldersbridge, and made a complaint regarding her discriminatory work environment.

18. On June 21, 2022, the Plaintiff was asked by Ms. Silva to discuss a Human Resources report with Jamie Sanford, the Administrator at Defendant Aldersbridge, and Ms. Linhares.

19. In the meeting, the Plaintiff was presented with a document that stated that she was to report everything immediately, inform a supervisor when she left work for the day, and complete writing tasks in the rehabilitation gym.

20. Shortly thereafter, the Plaintiff returned to work in the rehabilitation gym; however, she quickly realized that there were not enough hardwire computers to complete her work.

21. Previously, the Plaintiff was working on a "workstation on wheels," but due to the inability to achieve an ergonomic writing posture, the Plaintiff began to feel physical distress and reported it to Human Resources.

22. The Plaintiff then requested that Hector,[1] an Information Technology Professional at Defendant Aldersbridge, inspect her personal laptop. Hector asked the Plaintiff what she would be using it for. The Plaintiff responded she would be using her computer for evaluations and documentation on therapy/patient care both onsite and off.

23. It was commonplace during the Plaintiff's tenure at Defendant Aldersbridge that employees worked from home on an as needed basis using their personal computers.

24. Hector then analyzed the computer for extemporaneous programs or files, created shortcuts and functioning for medical accessibility sites (i.e., Matrix Care and Optima/NetHealth), verification of firewall/portals to access patient files, and conducted a disk clean up and defragmentation. Hector then returned the laptop to the Plaintiff.

25. The Plaintiff continued to use her personal laptop both on site daily and from home

---

[1] At this time, Hector's last name is unknown.

as necessary, throughout the remainder of her employment at Defendant Aldersbridge.

26. On June 29, 2022, Ms. Silva started a group chat for ideas to celebrate a co-worker's birthday. Christopher Deery, Physical Therapist Assistant at Defendant Aldersbridge stated "I already have a nude portrait in the works…."

27. Kimberly Willet, an Occupational Therapist at Defendant Aldersbridge, disclosed a patient's name in violation of the Health Insurance Portability and Accountability Act when she stated that she "booked a Magic Mike strip tease…[patient's full name] volunteered to help." Ms. Willett also stated that this patient should do aromatherapy during the strip tease.

28. On June 30, 2022, the Plaintiff sent Human Resources screenshots of the inappropriate and offensive group chat messages that occurred the previous day.

29. On July 12, 2022, at 11:22 a.m., Ms. Silva instructed the Plaintiff, via text message, to "complete [the Plaintiff's] txt note from [the previous day] as soon as possible…." Ms. Silva then stated she needed to "send the review."

30. At 11:30 a.m. on July 12, 2022, the Plaintiff responded, "completed and signed." Ms. Silva acknowledged the Plaintiff's response utilizing a thumbs-up emoji.

31. Shortly thereafter, the Plaintiff notified Ms. Silva that she would not be coming into work due to transportation issues she had throughout the morning. Ms. Silva replied, "OK! Thanks for letting me know."

32. On July 13, 2022, the Plaintiff still had not received a response from Human Resources regarding the inappropriate and offensive group text messages. The Plaintiff then sent a LinkedIn message to Mr. Gamache inquiring about the status of her complaint regarding the inappropriate group text messages.

33. On July 14, 2022, the Plaintiff prepared a note to nursing requesting a modified barium swallow study on behalf of a patient.

34. Later the same day, the Plaintiff received a letter from Ms. Linhares regarding the June 21, 2022 meeting and an internal investigation that transpired relative to the Plaintiff's complaints regarding her discriminatory work environment and other conduct that she believed was in violation of federal or state law.

35. On July 25, 2022, the Plaintiff sent an email to Ms. Linhares documenting the ongoing harassing behavior by rehabilitation co-workers and a request for a hardwire computer and lamp due to her vision impairment. She received no response to the email.

36. On July 28, 2022, the Plaintiff received a message that stated "[y]our triggers are your responsibility. It isn't the world's obligation to tiptoe around you." The Plaintiff reported the incident to Human Resources and no action was taken by Defendant Aldersbridge in response to same.

37. On August 4, 2022, the Plaintiff was terminated from her employment at Defendant Aldersbridge.

38. Defendant Aldersbridge discriminated and retaliated against the Plaintiff in violation of Title VII, the ADA, the ADEA, FEPA, RICRA and the RIWPA.

39. The facts of this matter clearly establish that Defendant Citizens discriminated against the Plaintiff on account of her disability and/or perceived disability and/or due to her request for accommodation.

40. The Plaintiff was terminated for engaging in conduct, e.g., reporting to Defendant Aldersbridge violations of federal or state law, in violation of the RIWPA.

41. Defendant Aldersbridge's unlawful and discriminatory actions and/or omissions are

in violation of Title VII, the ADA, the ADEA, FEPA, RICRA and the RIWPA and were motivated by malice and ill will toward the Plaintiff and were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

42. As a proximate result of the Defendant Aldersbridge's unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff suffered loss of income, as well as benefits, mental and physical anguish, emotional and mental pain and suffering, loss of enjoyment of life and other harm.

## VI. Claims for Relief

43. The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-42 above.

### Count One
### 42 U.S.C. §2000e, *et seq*.

44. Defendant Aldersbridge, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination and retaliation against the Plaintiff in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, *et seq*., causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Title VII.

### Count Two
### 42 U.S.C. §12101, *et seq*.

45. Defendant Aldersbridge, by its acts and/or omissions, including, but not limited to, those described herein, constitute discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*., causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the ADA.

### Count Three
### 29 U.S.C. §621, *et seq*.

46. Defendant Aldersbridge, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq*., causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the ADEA.

### Count Four
### R.I.G.L. §28-5-1, *et seq*.

47. Defendant Aldersbridge, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination and retaliation against the Plaintiff in employment in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq*., causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

### Count Five
### R.I.G.L. §42-112-1, *et seq*.

48. Defendant Aldersbridge, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination and retaliation against the Plaintiff in violation of the Rhode Island Civil Rights Act of 1990, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the Rhode Island Civil Rights Act of 1990.

### Count Six
### R.I.G.L. §28-50-1, *et seq.*

49. Defendant Aldersbridge, by its acts and/or omissions, including but not limited to, those described herein, violated the RIWPA insofar as the Defendant discriminated and retaliated against the Plaintiff because she reported to her supervisors a violation of federal, state or local law, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RIWPA.

## VIII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment that Defendant Aldersbridge, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, and the Rhode Island Whistleblowers' Protection Act, R.I.G.L. §28-50-1, *et seq.*

2. enjoining and permanently restraining Defendant Aldersbridge from violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, and the Rhode Island Whistleblowers' Protection Act, R.I.G.L. §28-50-1, *et seq.*

3. award the Plaintiff back pay, including incremental increases, pension benefits, health and dental benefits and other benefits, plus prejudgment interest thereon;

4. award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5. award the Plaintiff punitive damages;

6. award the Plaintiff reasonable attorney's fees and costs of litigation; and,

7. such other and further relief as the Court deems just and proper.

## IX.  Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X.  Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire as trial counsel.

>PLAINTIFF,
>By her attorneys,
>**FORMISANO & COMPANY, P.C.**

Dated: May 15, 2023        /s/ V. Edward Formisano
V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com

## **CERTIFICATION**

I hereby certify that on the 15th day of May, 2023, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano